1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHAUN I. CASS,                          Case No. 1:20-cv-01481-ADA-CDB (PC)

12                  Plaintiff,               ORDER ADOPTING FINDINGS AND
                                             RECOMMENDATIONS IN FULL AND
13          v.                               DISMISSING NON-COGNIZABLE CLAIM

14   JANIL YOUSEFPOOR,
                                             (ECF No. 23)
15                  Defendant.

16

17          Plaintiff Shaun I. Cass ("Plaintiff") is a former pretrial detainee proceeding *pro se* and *in*

18   *forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.  This matter was referred

19   to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

20          On March 31, 2022, the assigned Magistrate Judge screened the complaint and found that

21   it states a cognizable Fourteenth Amendment claim against Defendant Yousefpoor but fails to state

22   a First Amendment retaliation claim.  (*See* ECF No. 9.)  The Magistrate Judge accepted as true

23   Plaintiff's allegations that he made multiple requests for "clothes, a blanket, and/or a mattress"

24   and that Defendant retaliated with threats and failed to protect him from an attack by two other

25   inmates.  (*Id.* at 3.)  The Magistrate Judge concluded that Plaintiff's requests did not constitute

26

27   [1] This case was initially assigned to then-Chief Magistrate Judge Jennifer L. Thurston.  (*See* ECF
     No. 7.)  Due to judicial vacancies and the elevation of Judge Thurston to the position of District
28   Judge, this case has been reassigned to District Judge Ana de Alba and Magistrate Judge
     Christopher D. Baker.  (*See* ECF Nos. 29, 30.)

protected conduct to support a retaliation claim.  (*Id.* at 6.)

Plaintiff filed a motion for reconsideration, arguing that the Court's findings of fact were clearly erroneous.  (*See* ECF No. 12.)  Plaintiff asserted that "[i]t appears to the Court that Plaintiff 'requested' clothing and a mattress.  This was a misunderstanding of the facts by the Court. Plaintiff was clearly not requesting clothing and a mattress.  He was attempting to redress a **'complaint/grievance'** about his conditions of confinement."  (*Id.* at 3 (alteration in original).) The assigned District Judge issued an order denying the motion for reconsideration but granted Plaintiff's alternative request for leave to file an amended complaint.  (*See* ECF No. 16.)

Instead of amending his complaint, Plaintiff filed a notice of his intent to proceed only on the cognizable claim found in the Court's screening order.  (*See* ECF No. 20.)  Thus, on March 31, 2022, the Magistrate Judge issued findings and recommendations to dismiss the non-cognizable, First Amendment retaliation claim.  (*See* ECF No. 23.)  Despite his election to proceed only on his Fourteenth Amendment claim, Plaintiff filed objections to the findings and recommendations. (*See* ECF No. 28.)

In his objections, Plaintiff contends that the Magistrate Judge mischaracterized Plaintiff's statements as "requests" rather than "verbal complaints," and thus erred by finding that Plaintiff's verbal grievances or complaints did not constitute protected conduct.  In the complaint, Plaintiff references his statements as follows:

> "2. . . . This attack was orchestrated in retaliation for Cass requesting basic clothing adequate for the conditions under which he was confined."

> "13. . . . Over the following few hours he pressed the cell's call button three times, repeatedly asking [Defendant] Yousefpoor to provide him with clothes, a blanket and/or a mattress. . . .  But when another passed and Plaintiff became so cold that he was shivering, he pressed the button once more, seeking blankets."

> "14. . . . Plaintiff pushed the button a final time, trying to get anything to clothe himself."

> "19. . . . As a result of multiple verbal requests for basic clothing and a mattress . . . ."

> "21. . . . in direct response to Cass verbally requesting basic clothing necessities and a mattress . . . ."

(*See* ECF No. 1 at 2-6.)

1      Given the clear and unambiguous allegations in the complaint, the Magistrate Judge did

2  not err by construing and referring to Plaintiff's statements as requests for certain items.

3      Even accepting the argument that Plaintiff was alleging a condition of confinement claim

4  (i.e., coldness of the cell, inadequate clothing, and lack of a mattress and blanket), the Magistrate

5  Judge correctly found that Plaintiff's statements were not protected speech or conduct.  Plaintiff's

6  verbal requests or statements did not reference, suggest, or imply that he filed or threatened to file

7  an inmate grievance or complaint, which would have suggested a First Amendment retaliation

8  claim.

9      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted

10  a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the

11  findings and recommendations to be supported by the record and proper analysis.

12      Accordingly,

13  1.      The findings and recommendations issued on March 31, 2022, (ECF No. 23), are

14              adopted in full;

15  2.      Plaintiff's First Amendment retaliation claim is DISMISSED; and

16  3.      This case is referred back to the assigned Magistrate Judge for further proceedings.

17

18

19  IT IS SO ORDERED.

20  Dated:   March 27, 2023   

                                            UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

3